Jennie R. DUFF and Elizabeth Bronson, Appellants,

v.

H. L. PAGE, Appellee.

No. 15186.

United States Court of Appeals Ninth Circuit.

Oct. 18, 1957.

Wright & Eardley, Elko, Nev., Goldwater, Taber & Hill, Reno, Nev., Herman Bedke, Burley, Idaho, for appellants.

Pike & McLaughlin, Reno, Nev., Rex J. Hanson, Salt Lake City, Utah, for appellee.

Before ORR and HAMLEY, Circuit Judges, and GOODMAN, District Judge.

HAMLEY, Circuit Judge.

Two of the three plaintiffs in this automobile accident case appeal from a judg-

ment for defendant, entered on a jury verdict. The questions presented here relate to the voir dire examination of jurors, exclusion of evidence, failure to strike certain testimony, giving of one instruction, failure to give four requested instructions, and denial of a motion for a new trial.

The accident occurred on December 31, 1954, on an east-west stretch of Highway U. S. 40, about fourteen miles west of Wells, Nevada. At 10:00 a. m. that day, H. L. Page was in the process of removing an automobile from a snow bank off the north side of the highway. While engaged in this work he had his wrecker, seventeen feet in length, standing in the north, or westbound, traffic lane.

For a distance of four tenths of a mile to the east, from the point where Page was working, the highway was straight, with an upgrade of 3.34 per cent to the crest of a moderate rise. The road was oil-surfaced, but was variously described as being "icy" or "slushy" on the morning in question. The width of the road was forty-three feet, including about seven and one half feet of mixed oil and gravel shoulder on the north side, and eight feet of shoulder on the south side. The day was clear, with good visibility. No flares, flags, or other warning devices were placed on the highway. The evidence is in conflict as to whether the red blinker light on the cab of the wrecker was in operation at the time.

Mrs. Jennie R. Duff and Elizabeth Bronson were proceeding westerly as passengers in an automobile owned and driven by John A. Duff husband of Mrs. Duff. This vehicle came over the crest of the hill and proceeded down the westerly grade, where it collided with appellee's wrecker.

Joining in one complaint, Duff and his two passengers instituted this diversity suit (28 U.S.C.A. § 1332) in the United States District Court for the District of Nevada. Duff sought reimbursement for damages to his automobile, and for loss of his wife's consortium and services. Mrs. Duff and Elizabeth Bronson sought general and special damages for personal injuries sustained in the accident. Page counterclaimed against Duff for damages to his wrecker, and for general and special damages resulting from personal injuries which he sustained.

The jury found for defendant and against all plaintiffs on the complaint, and for defendant and against Duff, in the amount of $6,816.58, on the counterclaim. Judgment was entered in conformity with the verdict. Mrs. Duff and Elizabeth Bronson appeal.

The first specification of error relates to the voir dire examination of the jury. Prior to the trial, counsel for appellants requested that the trial court ask the jurors, on voir dire, this question: "Do you own any stocks or bonds in the American Casualty Co.?" The court refused to ask this question.

The general rule is that the plaintiff in a personal injury case, acting in good faith for the purpose of ascertaining the qualifications of jurors, and not for the purpose of informing them that there is insurance in the case, is entitled to interrogation of prospective jurors with regard to their interest in, or connection with, indemnity insurance companies.[1] There is a wide range of views, however, concerning the appropriate way to go about such interrogation.

We do not reach the merits of this specification, however, unless there is reason to believe that the refusal to ask this question on voir dire was prejudicial. Trial court action, however erroneous it may be, is not ground for reversal unless such action is inconsistent with substantial justice.[2] Courts of re-

---

1. See the cases collected in the following annotations on the subject: 56 A.L.R. 1454; 74 A.L.R. 860; 95 A.L.R. 404; 105 A.L.R. 1330.

2. Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A., reads as follows:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict

view have a higher function than to be "impregnable citadels of technicality."[3]

Appellants say in their brief that the insurance company named in the proposed voir dire question has an interest in this case. We find nothing in the record to support this statement. However, we will assume, for purposes of discussion, that this company had an interest in the case, and that one or more of the jurors may have been bondholders or stockholders of that company.

■ The jury was not told that American Casualty Co., or any other insurance company, was involved. On voir dire, the jurors gave assurances that none of them had previously heard of the case. If the jurors did not know that this company was involved in the case, their possible ownership of bonds or stocks of that company could not have influenced the verdict rendered. We therefore hold that failure to interrogate the jury in the manner requested was not prejudicial.

■ Another specification of error relates to the cross-examination and re-examination of a witness called by appellants. This witness was driving up the west side of the moderate hill, past the place where the tow truck operator was working, when appellants' driver, proceeding westerly, came over the crest of the hill. On cross-examination, this witness expressed the opinion (to which no objection was made) that appellants' driver was then traveling "too fast." The trial court sustained an objection to a question asked of this witness on re-examination. Arguing that this was error, appellants state that they wanted to bring out that this witness had no knowledge of the probably dry condition of the highway on the east side of the hill, as compared to the icy condition

which confronted appellants' driver when he reached the crest of the hill.

But the question asked of this witness on re-examination, to which an objection was sustained, was not relevant to such an inquiry. The question was: "Tell us what the customary speed would be over the hill." This was an obviously improper question, and the objection to it was properly sustained. The court did not deny appellants the right to prove that the easterly slope of the hill was relatively dry, thus justifying a higher speed than would be prudent on the westerly slope.

■ One of the specifications of error most vigorously argued relates to the sustaining of objections to certain questions asked of a witness who had long experience as an operator of a towing truck in the area where the accident occurred. One of these questions was hypothetical in nature. It was intended to elicit the expert opinion of the witness as to whether it would have been practicable to remove the automobile and trailer from the snow bank without placing the wrecker on the highway. The trial court sustained an objection to this hypothetical question, on the ground that the subject matter of the inquiry was in the area of common knowledge, and did not call for expert opinion testimony.

■ Expert testimony is appropriate when the factual issue is one which jurors would not ordinarily be able to determine without technical assistance. E. L. Farmer & Co. v. Hooks, 10 Cir., 239 F.2d 547, 553. On the other hand, when the subject of inquiry is one which common knowledge would enable one to decide, it is not a proper subject for expert testimony. Schille v. Atchison, Topeka & Santa Fe Ry. Co., 8 Cir., 222 F.2d 810, 814. It is for the trial court

or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

3. Kavanagh, Improvement of Administration of Criminal Justice by Exercise of Judicial Power (1925), 11 A.B.A.J. 217, 222, referred to in Kotteakos v. United States, 328 U.S. 750, 759, 66 S.Ct. 1239, 90 L.Ed. 1557.

in the exercise of a sound discretion, to determine whether expert testimony is appropriate under the particular circumstances of the case.

The determination here made that this particular inquiry was not one calling for expert testimony would not, under ordinary circumstances, appeal to us as one involving an abuse of discretion. Appellants, however, argue that appellee Page had been permitted to give expert opinion testimony on the point, and that appellants should therefore have been permitted to produce countering testimony of the same kind. If this were a fact, the argument would have merit. It would seem patently unfair to permit one side to present expert testimony on a particular point and then to deny the other side the right to produce rebutting expert testimony, on the ground that it was not a proper subject for opinion evidence.

Examination of the record, however, indicates that it was appellants' counsel who, on cross-examination, drew the opinion testimony from Page. Being themselves responsible for getting Page's opinion testimony into the record, appellants are in no position to contend that fair play entitles them to produce rebutting testimony of the same kind.

Under this same specification of error, complaint is made of the action of the trial court in sustaining an objection to a question asked of this same witness concerning custom and usage. The purpose of the question was to establish that it was the custom and usage in the area, in pulling wrecks onto the highway, to keep the tow truck entirely off the highway, including shoulders, if possible; and, if this could not be done, to keep the tow truck on the shoulder, if possible, but to place it on the pavement if necessary.

In instruction No. 26, the jury was told that the operator of a wrecker truck being used to restore a wrecked vehicle to the highway may park the wrecker on the main traveled portion of a public highway for a reasonable length of time, under the following conditions:

"1. That it is necessary to park the wrecker truck on the main traveled portion of the highway.

"2. That the wrecker truck must not occupy more of the highway than is reasonably necessary under the circumstances.

"3. And that approaching traffic must be fully warned of the obstruction by lights, flags, guards, or other practical means in the event the circumstances are such that an ordinarily prudent person would give such warning by any of the means suggested."

In our view, this instruction was substantially to the same effect as the evidence concerning custom and usage which appellants sought to introduce. The refusal to receive this evidence was therefore not prejudicial.

Appellants contend that the trial court erred in denying their motion to strike, as unresponsive and as an incorrect statement of law, appellee's statement on the witness stand that his wrecker was an emergency vehicle. It is also urged that the court erred in rejecting appellants' requested instruction that a wrecker truck or tow truck is not an emergency vehicle. Appellants argue, and appellee does not contend otherwise, that tow trucks or wreckers are not classified as emergency vehicles in Nevada. See Nevada Compiled Laws, § 4350.1 (1943–1949 Supp.).

While it would have been proper to strike this testimony and to give the requested instruction, we are not convinced that the failure to do so was prejudicial error. The jury was fully and correctly instructed as to the rights and duties of a tow truck operator in performing the kind of a task in which appellee was engaged at the time of the accident. It is to be presumed that the jury followed these instructions. If it did so, it did not base its findings, to any extent, upon the theory that the tow truck was an emergency vehicle entitling its operator to special highway privileges.

Under another specification of error, it is urged that the trial court

erroneously sustained an objection to questions asked of a witness concerning the custom and usage in putting out flags or other warning devices. Appellants offered to prove that a custom existed, to the effect that when it is necessary for a wrecker to block the road, warnings such as flares or signs are put out on each side of the wrecker; that where there is a hill within a half mile, warnings are placed on the crest of the hill; and that when the road is slippery, or icy, the warning signs are put out at a greater distance from the wrecker.

In our view, it was not an abuse of discretion to reject this offer of proof. The trial court was justified in concluding that the offer of proof, being so closely identified with the facts of this case, amounted to an expression of opinion on the ultimate question of negligence, rather than proof of general custom and usage. More than this, it is hard to see how the failure to display flags or other warning devices could have been a proximate cause of the accident, since the tow truck on the highway was plainly visible to appellants' driver for a distance of four tenths of a mile. Instruction No. 26 referred to above, gave the jury a correct and complete statement concerning the circumstances under which a truck operator should put out flags or other warning devices.

The remaining specifications of error, except for the general specification relating to the denial of the motion for a new trial, relate to the giving of one instruction and the refusal to give four proposed instructions. Our examination of the instruction given and those refused, read in the light of all the instructions given, leads us to believe that no prejudicial error was committed in the matter of instructions. There was no abuse of discretion in denying the motion for a new trial.

Affirmed.

GOODMAN, District Judge (concurring).

I concur in the result. I think the points raised by appellants are without merit. In my opinion they do not deserve the careful and painstaking attention given them by Judge HAMLEY. In this day when delays in judicial proceedings are highlighted, they may be materially lessened by prompt and more summary disposition of appeals that are unmeritorious. The precedential value of the decision, particularly in an automobile accident diversity case, such as this, is insignificant. A bare affirmance of the judgment below without more, would, in my opinion, be sufficient.