**Lucy K. COHEN, Appellant,**

v.

**WESTERN HOTELS, INC., and E. B. DeGolia, Appellees.**

**No. 16455.**

United States Court of Appeals
Ninth Circuit.

Feb. 24, 1960.

Freed & Freed, Kurt W. Melchior, San Francisco, Cal., Barry Sidman, Strasser, Spiegelberg, Fried & Frank, Washington, D. C., for appellant.

Sedgwick, Detert, Moran & Arnold, Scott Conley, Bruce A. Bailey, San Francisco, Cal., for appellees.

Before ORR, HAMLEY and HAMLIN, Circuit Judges.

ORR, Circuit Judge.

The morning of August 4, 1957, appellant, having been an overnight guest at the Maurice Hotel in San Francisco, California, checked out, then with baggage and parcels in her arms started toward the main entrance and fell on a rug which was spread in the lobby of the hotel. Appellant sustained serious injuries. Alleging negligence on the part of the hotel owners in the manner in which the rug was laid, appellant brought suit. Appellee answered denying negligence and also alleging contributory

negligence. The issues were tried to a jury which found in favor of appellee.

■ The principal contention of appellant is that the trial court committed prejudicial error in refusing to permit appellant to introduce certain proffered so-called expert testimony. She also complains of a statement of the trial court during the proceedings that he would consider federal and not state law as controlling on that question. In approaching consideration of the main issue presented to us as to the alleged error in excluding the proffered expert testimony, we note that it is agreed by both parties that the admission or rejection of such testimony is within the sound judicial discretion of the trial court, but appellant contends that the court abused its discretion.

The rug was an eleven by thirty-one foot Chinese throw rug loosely placed upon matting and not tacked down. Appellant's daughter, who was with her at the time of the accident, testified that the rug extended four to five inches beyond the matting. Pictures taken immediately subsequent to the accident disclose a wrinkled or curled up condition of the edge of the rug. It is appellant's theory that she caught her heel in this curled up portion of the rug which caused her fall. Appellant desired to introduce expert testimony as to the proper manner of laying rugs and thus demonstrate the alleged negligence of appellee in failing to follow this procedure. To this end she called a witness Yosiph. He testified that he had had some thirty years experience in the rug business, having sold, cleaned and installed all types of rugs and carpets. The witness seemed to have difficulty in understanding the questions asked, his confusion being in large part due to the long colloquy between the court and counsel. However, it seems quite evident from the record that had he been given a chance to answer he could have at least testified as to how he laid carpets and rugs. At no time in the questioning of the witness was he asked whether he was familiar with the manner in which rugs are laid in hotel lobbies, and no offer was made by appellant that there was an established practice, nor that appellee had knowledge of such practice if one existed. The case of Ordway v. Hilliard, 1943, 266 App.Div. 1056, 44 N.Y.S.2d 819, upon which appellant relies, is, therefore, not in point. Irrespective of whether or not the witness was shown to have the proper qualifications, or whether the proper questions were asked, it is evident that the trial court based its ruling on the ground that under the circumstances of this case expert testimony was not necessary. Hence, the question we are called upon to decide is: Did the court abuse its discretion? We think not.

■■ "When the subject of inquiry is one which common knowledge would enable one to decide, it is not a proper subject for expert testimony. * * * It is for the trial court in the exercise of a sound discretion to determine whether expert testimony is appropriate under the * * * circumstances of the case." Duff v. Page, 9 Cir., 1957, 249 F.2d 137, 140. The jury in the instant case heard testimony that the rug overlapped the mat beneath it by four to five inches. They had before them photographs from which it can be observed that the wrinkles in the edge of the rug were roughly coextensive with that portion of the rug which extended beyond the mat. They could see that the floor of the hotel lobby had a smooth surface. They could determine for themselves, without expert assistance, whether the installation used caused the wrinkled condition of the edge of the rug. The most the expert could have testified to would have been that had the mat been flush with the edge of the rug it would not in all probability have wrinkled. Ordinary experience afforded the jury this competence. From a consideration of all the evidence in this case, we conclude that the exclusion of the so-called expert testimony was a proper exercise of the trial court's discretion.

■■ During the course of the trial, the court remarked that it was going to apply federal and not state law in

deciding whether or not to exclude the proffered expert testimony. Appellant says this was in violation of Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The rule governing admission of expert testimony is the same in California as it is in the federal courts, as stated by this court in Duff v. Page, supra. A recent California case states the rule as follows: "It is well settled that the testimony of an expert is admissible when such expert, because of his profession, or his peculiar skill and knowledge in some department of science not common to men in general, enables him to draw an inference where men in general would be left in doubt." Oakes v. Chapman, 1958, 158 Cal.App.2d 78, 83, 322 P.2d 241, 244. The court there held that the admission of expert testimony in close questions should be left to the discretion of the trial court, and the lower court's ruling excluding testimony by a golf professional on the propriety of the defendant's golf swing was upheld. The rule of admission being the same, no prejudice resulted from the court's application of federal law.

Complaint is made that the instructions given the jury by the trial court were too general. We think the charge as a whole sufficiently advised the jury of the applicable law, and adequately informed them of the high duty of care owed guests by hotel owners. It is not necessary that instructions to the jury be phrased in terms of the specific facts in the particular case. See Southern Pacific Co. v. Guthrie, 9 Cir., 1949, 180 F.2d 295, 301.

During the examination by appellee of one of their witnesses, testimony was given to the effect that the rug was in fine shape at the time of the trial. Appellant moved to strike. The motion was denied. Appellant cites this as prejudicial conduct on the part of the court, especially in view of the fact that her expert testimony was rejected. We think the testimony of the condition of the rug at a time long subsequent to the time of the accident was irrelevant and should have been stricken. However,

we cannot see wherein it was prejudicial, especially in view of the fact that the jury had before it photographic and oral evidence of the condition of the rug at the time of the accident.

We have examined other alleged errors set forth by appellant and find them to be without merit.

Judgment affirmed.