**A. J. BUMB, Trustee in Bankruptcy for Bryan Oldsmobile, Inc., a Bankrupt Corporation, Plaintiff-Appellee,**

v.

**PAULIN MOTOR CO., a Delaware Corporation, Defendant-Appellant.**

**No. 25454.**

United States Court of Appeals, Ninth Circuit.

Jan. 19, 1972.

Rehearing Denied March 16, 1972.

Benjamin P. Dillahunty (argued), San Diego, Cal., for defendant-appellant.

Howard P. Miller, of Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and CHOY, Circuit Judges, and CRAIG, District Judge*.

CRAIG, District Judge:

This is an appeal from a judgment of the District Court in favor of plaintiff-appellee, trustee in bankruptcy for Bryan Oldsmobile, Inc., a bankrupt corporation, and against defendant-appellant, Paulin Motor Co., a Delaware corporation, by which judgment a sale of assets from Bryan Oldsmobile to Paulin Motor Co. was set aside as constituting a voidable preference under § 60b of the Bankruptcy Act (11 U.S.C. § 96). We reverse.

Bryan Oldsmobile (the bankrupt) filed a petition in bankruptcy 18 February, 1966.

Bryan, for some twenty years, had been engaged in the business of selling automobiles, new and used, repair parts and accessories in Los Angeles, California. Paulin had been engaged in a similar business in Tucson, Arizona some eighteen years. Wm. J. Bryan, Sr., president of Bryan, and Robert W. Paulin, president of Paulin, had known each other for several years.

In December of 1965 Bryan Sr. approached Paulin with a proposal to sell Bryan Oldsmobile to Paulin Motor Co. The negotiations between the parties culminated in an agreement on 3 January 1966, whereby Paulin would purchase Bryan Oldsmobile's assets by appraisal and cost.

In order to consummate the sale, it was necessary to secure a release from one Deeb, who held a prior agreement for sale from Bryan Oldsmobile, which agreement was less advantageous to Bryan than the Paulin sale. It was also necessary to consummation that a transfer of the dealership franchise from Bryan to Paulin be approved by General Motors Corp. Both of these requirements were made conditions to the sale.

Thomas L. Hardwicke, C.P.A. and secretary-treasurer of Paulin, had examined the balance sheets and profit and loss statements of Bryan prior to the consummation of the transaction, and found Bryan to have a good business reputation and to be in a sound financial condition.

On 10 January 1966 Bryan advised Paulin that it would be necessary for Paulin to advance Bryan $40,000 to secure the Deeb release. Paulin resisted, but ultimately agreed, provided that Bryan would secure the advance with substantial assets of Bryan. Paulin advanced the $40,000 on 11 January 1966. Certificates of title to Bryan's used cars were deposited by Bryan with the Union Bank of Los Angeles to the account of Paulin. A promissory note, as evidence of the indebtedness, was delivered by Bryan to Paulin. Bryan paid Deeb $36,000 and secured Deeb's release.

The formal security instruments were drafted, completed and executed 14 January 1966 and forwarded to the Secretary of State of California for filing.

A subsequent examination of the books and records of Bryan by Hardwicke indicated to Hardwicke that Bryan might well be insolvent. Subsequently Paulin instituted foreclosure of the security interest against Bryan. On 26 January 1966 the certificates of title to the used cars were delivered to Paulin and the automobiles transferred to Paulin's place of business in Tucson.

The value of the used cars was determined to be $29,875. The value of the

---

* The Honorable Walter E. Craig, United States District Judge, District of Arizona, sitting by designation.

parts and accessories transferred to Paulin at his place of business in Tucson, as determined by General Motors Catalogue, was $13,018.85.

An adjudication of bankruptcy does not create a presumption of insolvency and no inference thereof is warranted (1 Collier § 1.19; § 130.7). Insolvency at the time of transfer must be proved under § 60 of the Bankruptcy Act (3 Collier § 60.30).

Upon the issue of insolvency, the trial court had before it testimony and exhibit offered by Jay E. Robinson, C. P.A., and the testimony of Thomas L. Hardwicke, C.P.A. The books and records of Bryan Oldsmobile were not in evidence, nor were they produced for inspection.[1] Robinson's testimony and the exhibit, offered through him, consisted of a "reconstruction" of the financial condition of Bryan Oldsmobile as of 31 October 1965. The evidence was introduced over the objection of the defendant Paulin. This constituted error. See *Cohen, supra,* and Pabst Brewing Co. v. E. Clemens Horst Co., 9th Cir., 229 F. 913.

Moreover, the record discloses that Robinson's testimony was based on hearsay, without any personal examination of the books and records of Bryan Oldsmobile. In substance Robinson lacked qualification to testify as to the solvency or insolvency of Bryan Oldsmobile. Hardwicke's testimony, also elicited by the plaintiff-trustee, indicated that his opinion as to the financial soundness of Bryan Oldsmobile was as a result of his examination of the balance sheet and profit and loss statement as of 30 November 1965. Subsequent to the consummation of the sales agreement and the security transaction, Hardwicke examined Bryan's books and records, but did not take into account the accounts receivable, nor claims of Bryan against third parties from loans, etc.

The evidence adduced through the witness Hardwicke, under the circumstances of this case, cannot be said to be competent nor substantial evidence of the insolvency of Bryan at the time of the transfer. See Costello v. Fazio, 9th Cir., 256 F.2d 903; Olympic Finance Co., v. T. R. Thyret, Trustee, 9th Cir., 337 F.2d 62. The trial court erred in reaching the conclusion, upon the evidence before it, that the transactions under consideration between Bryan Oldsmobile and Paulin constituted a preference within the meaning of the Bankruptcy Act. The sales agreement and the security transaction were part of an overall transaction. There was no competent evidence before the trial court upon which to base a finding that Bryan Oldsmobile was insolvent at the time of the transaction with Paulin, and moreover, no competent evidence was before the court upon which to base a finding that Paulin had knowledge of such insolvency.

Defendant-appellant Paulin raises several other issues in support of its appeal. In view of the foregoing, we find it unnecessary to discuss those issues, or their merit.

Reversed.

---

1. See Cohen v. Western Hotels, Inc., 9th Cir., 276 F.2d 26; Calif.Ev.Code §§ 1500 and 1509.