2005 UT App 279

Robert W. DUNLAP and Kathy L. Dunlap, individuals; United Park City Mines Company, a Delaware corporation, Plaintiffs and Appellants,

v.

STICHTING MAYFLOWER MOUNTAIN FONDS, a Netherlands association; Stichting Mayflower Recreational Fonds, a Netherlands association; Consolidated Mayflower Mines, Inc., a Utah corporation; Cooperative Centrale Raiffeisen Boerenleenbank, B.A., a Netherlands corporation; New Park Mining Co., a dissolved Utah corporation; Lon Investments, a dissolved Utah corporation; and Murray First Thrift & Loan Co., a Utah corporation, Defendants and Appellees.

No. 20040433–CA.

Court of Appeals of Utah.

June 23, 2005.

Rehearing Denied Sept. 1, 2005.

Robert B. Lochhead and Clark Waddoups, Parr Waddoups Brown Gee & Loveless, Salt Lake City, for Appellants.

E. Craig Smay, Salt Lake City, for Appellees.

Before Judges DAVIS, GREENWOOD, and ORME.

### MEMORANDUM DECISION

ORME, Judge:

¶ 1 The essential issue before us is whether the trial court's ruling on the parties' cross-motions for summary judgment and this court's subsequent review of that ruling in *Dunlap v. Stichting Mayflower Mountain,* 2003 UT App 283, 76 P.3d 711 (*Dunlap I* ), *cert. denied,* 84 P.3d 239 (Utah 2004), effectively resolved all claims and issues arising out of this quiet title action, mandating on remand that the trial court simply quiet title to the Marsac Lode in Appellees (collectively,

"Mayflower"). The trial court so ruled, determining that the issues Appellants, the Dunlaps, raised on remand are either barred by this court's ruling in *Dunlap I* or by res judicata, precluding the trial court from making findings of fact based on other evidence or from conducting further proceedings on those issues. We disagree.

¶ 2 Although the trial court denied the Dunlaps' motion for summary judgment insofar as premised on the theory of adverse possession, "[t]he denial of a motion for summary judgment on an issue is not a final decision on the merits of that issue," *LeVanger v. Highland Estates Props. Owners Ass'n,* 2003 UT App 377,¶ 13, 80 P.3d 569, unless the trial court's ruling clearly states otherwise and, on the record before it, can properly resolve an issue with finality. *See Estate Landscape & Snow Removal Specialists, Inc. v. Mountain States Tel. & Tel. Co.,* 793 P.2d 415, 418–19 (Utah Ct.App.1990) (holding that in its denial of summary judgment on a legal defense, the trial court clearly indicated in its decision that it intended to lay the defense to rest and eliminate it from use at trial), *rev'd on other grounds,* 844 P.2d 322 (Utah 1992). We see no indication in the trial court's ruling that its denial of the Dunlaps' motion for summary judgment on their claim of adverse possession was meant to decide the issue on its merits. Rather, on summary judgment the trial court merely concluded that "[t]he Dunlaps ha[d] not established the elements of adverse possession."

¶ 3 Indeed, the record indicates that the trial court's decision to deny summary judgment on the adverse possession claim was based on the fact that the undisputed evidence failed to show, as a matter of law, that the Dunlaps had established all the elements of adverse possession. Significantly, while Mayflower resisted the Dunlaps' motion for summary judgment in toto, Mayflower's cross-motion for summary judgment did not ask for a judgment in its favor on the adverse possession claim, but merely argued the reasons why the Dunlaps did not meet

the required elements of adverse possession.[1] Accordingly, the Dunlaps were not entitled to summary judgment on that issue, but as is typical in the denial of a motion for summary judgment, this only meant they would have to prove their claim at trial—not that their claim was dismissed with prejudice. The trial court's denial of the Dunlaps' motion for summary judgment on their adverse possession claim does not constitute a final decision on the merits of that claim, thus precluding the application of res judicata.[2]

¶4 Furthermore, the fact that the Dunlaps did not cross-appeal the trial court's denial of their motion for summary judgment on their adverse possession claim does not render the trial court's ruling conclusive on the merits of the claim. In fact, the Dunlaps had no real incentive to push adverse possession once the trial court ruled in their favor on their claim of ownership through superior record title. They were not required to anticipate a reversal and file a contingent or provisional cross-appeal to obtain a ruling on an issue that no longer seemed to matter, given the summary judgment already entered in their favor. *See Halladay v. Cluff,* 739 P.2d 643, 645 (Utah Ct.App.1987) ("Cross-appeals are properly limited to grievances a party has with the judgment as it was entered—not grievances it might acquire depending on the outcome of the appeal."), *cert. denied,* 765 P.2d 1277 (Utah 1987). Thus, a "cross-appeal would not have been appropriate" since there was "no dissatisfaction with the judgment, which [the Dunlaps] simply wanted to have affirmed."[3] *Id.* As a result, "the absence of the cross-appeal did not, of itself, foreclose the trial court from reassessing" the issue of adverse possession. *Id.*

¶5 Likewise, our decision in *Dunlap I* can only be appropriately read as reversing "the decision of the trial court granting summary judgment to the Dunlaps ... remand[ing the case] for further proceedings consistent with [our] opinion."[4] *Dunlap I,* 2003 UT App 283 at ¶16, 76 P.3d 711. We stopped short of ordering the trial court on remand to enter judgment quieting title in Mayflower and dismissing all other claims asserted in the litigation. Our reversal of the trial court's grant of summary judgment in favor of one party on cross-motions for summary judgment does not imply that the trial court is therefore bound to grant the other party's cross-motion for summary judgment on remand, especially when other issues may be outstanding. *Cf. Diamond T Utah, Inc. v. Travelers Indem. Co.,* 21 Utah 2d 124, 441 P.2d 705, 706 (1968) (holding that "it is not true that once both parties move for

---

1. While Mayflower contended in its memorandum in opposition to the Dunlaps' motion for summary judgment that the Dunlaps conceded in their own memorandum that they had never actually occupied, possessed, or used the Marsac Lode, we see no such overt concession. Although the Dunlaps' legal arguments advanced in support of their contention on summary judgment that they had satisfied all the requirements for adverse possession were weak, their motion for summary judgment on adverse possession failed for lack of evidence, not because of a concession that they could never prove they had occupied, possessed, or used the Marsac Lode in a way that would fulfill the elements of adverse possession.

2. The trial court did not indicate whether in applying the doctrine of res judicata it was applying issue preclusion or claim preclusion. *See Brigham Young Univ. v. Tremco Consultants, Inc.,* 2005 UT 19,¶¶25–27, 110 P.3d 678 (explaining the difference between the two branches of res judicata and their respective requirements). Nevertheless, it is unnecessary to distinguish between the two in this case because both require a final decision on the merits in order for the doctrine to apply. *See id.*

3. The trial court had already entered judgment quieting title in favor of the Dunlaps on the theory that they held the better record title because of the 1941 Foreclosure Action. Accordingly, the Dunlaps had no grievance with the judgment as entered and no reason to cross-appeal the denial of their motion on the issue of adverse possession.

4. When we remand for further proceedings consistent with an opinion, it is because "[t]rial courts are in a much better position to evaluate an entire case, including its nuances and undisclosed pitfalls, than [is] an appellate court." *Halladay v. Cluff,* 739 P.2d 643, 645 n. 5 (Utah Ct.App.), *cert. denied,* 765 P.2d 1277 (Utah 1987). Thus, "[i]t is for th[at] reason that where, as in this case, all possible ramifications of a decision on appeal may not be readily apparent, a case will be remanded for such proceedings as are appropriate in view of the guidance offered in the opinion." *Id.*

305

summary judgment the court is bound to grant it to one side or another"); *Wycalis v. Guardian Title,* 780 P.2d 821, 825 (Utah Ct.App.1989) (stating that on cross-motions for summary judgment, "each cross-movant implicitly contends that it is entitled to judgment as a matter of law, but that if the court determines otherwise, factual disputes exist which preclude judgment as a matter of law in favor of the other side"), *cert. denied,* 789 P.2d 33 (Utah 1990).

¶ 6 In reversing the trial court, we laid to rest the Dunlaps' claim that the 1941 Foreclosure Action had foreclosed Mayflower's predecessor's interest in the Marsac Lode. *See Dunlap I,* 2003 UT App 283 at ¶ 16, 76 P.3d 711. Yet, in concluding that "Mayflower's chain of *title* to the Marsac Lode is superior to that of the Dunlaps" and that "Mayflower's chain of *title* is 'established by competent evidence,'" *id.* (citation omitted) (emphasis added), we did not foreclose the possibility that the Dunlaps may challenge Mayflower's preeminent status as record title holder on such legal theories as adverse possession or that Mayflower's predecessor in interest was not, in fact, a good faith purchaser for value. All that our prior opinion decided with finality, in the posture that the case came to us, was that Mayflower's record chain of title was superior to that of the Dunlaps.

¶ 7 We again remand to the trial court for the appropriate resolution of this case.[5]

¶ 8 WE CONCUR: JAMES Z. DAVIS, and PAMELA T. GREENWOOD, JJ.

---

5.  Should it become clear that Mayflower is entitled to judgment quieting title in its favor as against the Dunlaps, the failure of Mayflower to assert a counterclaim is no bar to such relief, as the Dunlaps argue, given that Mayflower's amended answer sought "an order quieting title in [Mayflower] to the disputed property, and for such other relief as the Court deems just."