2010 UT App 216

Bruce MARTIN and Diane Martin,
Plaintiffs and Appellees,

v.

Edwin LAUDER, Cynthia Lauder, and
Mary Best Ferguson, Defendants
and Appellants.

No. 20090523–CA.

Court of Appeals of Utah.

Aug. 5, 2010.

Mary Best Ferguson, Cynthia Lauder, and Edwin Lauder, Salt Lake City, Appellants pro se.

Mark O. Morris and Emily Jackson, Salt Lake City, for Appellees.

Before Judges ORME, THORNE, and VOROS.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Defendants Edwin and Cynthia Lauder and Mary Best Ferguson challenge the district court's denial of their summary judgment motion and its grant of summary judgment to plaintiffs Bruce and Diane Martin. Defendants also challenge the district court's ruling that their claim for equitable estoppel was moot. We affirm the district court's denial of Defendants' summary judgment motion but reverse the court's grant of the Martins' summary judgment motion and its ruling on Defendants' equitable estoppel claim.

¶ 2 This dispute between Defendants and the Martins arose over the boundary that separates their properties. In the 1970s, Diane Martin's parents, the Eskelsons, owned the Martins' property and built a fence that the Martins removed in 2007 after a survey they requested revealed the fence was not located on their property's boundary as described in their deed. At the time the fence was built and until 1991, Defendants' properties were not occupied. After Defendants purchased their properties, they each built a house on their respective property and made improvements up to the fence line.

¶ 3 Soon after the Martins removed the fence, Defendants registered their objection, and the Martins filed an action to quiet title in the property between the fence line and the property boundary as fixed by the survey (the Disputed Property).[1] Defendants answered by claiming they were entitled to the Disputed Property under the doctrines of boundary by acquiescence and equitable estoppel. Subsequently, each party filed a motion for summary judgment, supported by affidavits, and both sides filed motions to strike portions of the other side's supporting affidavits. The district court struck portions of the affidavits of Defendants, as well as portions of a neighbor's affidavit offered by Defendants. The district court denied Defendants' motion to strike the affidavits of Diane Martin and Darrell Eskelson. The court ultimately denied Defendants' summary judgment motion, determined that Defendants' equitable estoppel claim was moot, and granted the Martins' summary judgment motion. Defendants appeal these rulings.

¶ 4 "Summary judgment is appropriate only if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Cabaness v. Thomas*, 2010 UT 23, ¶ 18, 232 P.3d 486 (omission in original) (quoting Utah R. Civ. P. 56(c)). "An appellate court reviews a trial court's 'legal conclusions and ultimate grant or denial of summary judgment' for correctness and views 'the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.'" *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations omitted).

¶ 5 The district court properly denied Defendants' summary judgment motion on their boundary by acquiescence claim. To be entitled to judgment as a matter of law, Defendants needed to prove that the undisputed facts established "(i) occupation up to a visible line marked by monuments, fences, or buildings, (ii) mutual acquiescence in the line as a boundary,[2] (iii) for a long period of

---

1. This case clearly illustrates the problem with waiting until a fence has been in place for over thirty years to obtain a survey to determine where the fence should "really" be located. If the exact placement of a fence is important, the better practice is to obtain a survey at the time the fence is erected to establish that the fence will be in the proper location from the beginning. *See generally Mason v. Loveless*, 2001 UT App 145, ¶ 17, 24 P.3d 997 (stating that the purpose of the boundary by acquiescence doctrine "is to establish 'stability in boundaries, repose of titles, and the prevention of litigation'") (citation omitted). Similarly, once the Martins discovered the discrepancy revealed by their survey, the better course would have been to resolve the boundary issue before tearing down the fence rather than the other way around.

2. "Mutual acquiescence in a line as a boundary has two requirements: that both parties recog-

time,[3] (iv) by adjoining landowners." *RHN Corp. v. Veibell,* 2004 UT 60, ¶ 23, 96 P.3d 935 (citation and internal quotation marks omitted). *See Orvis,* 2008 UT 2, ¶ 10, 177 P.3d 600 ("Where the moving party would bear the burden of proof at trial, the movant must establish each element of his claim in order to show that he is entitled to judgment as a matter of law.").

¶ 6 Even if we considered the facts contained in the portions of the affidavits that were stricken,[4] Defendants simply did not present undisputed facts[5] that, viewed in the Martins' favor, would definitively establish each element of their boundary by acquiescence claim. Specifically, they did not establish as a matter of law "occupation up to a visible line marked by . . . [the] fence[ ]" nor mutual acquiescence for a "long period of time," *RHN Corp.,* 2004 UT 60, ¶ 23, 96 P.3d 935, and thus, they were not entitled to summary judgment.

■ ¶ 7 While properly denying Defendants' summary judgment motion, the district court incorrectly granted the Martins' cross-motion for summary judgment. To be entitled to summary judgment, a party filing a cross-motion for summary judgment must establish its own entitlement to summary judgment rather than simply rely on the other party's failure on its own motion.[6] *See Orvis,* 2008 UT 2, ¶ 16, 177 P.3d 600 ("Utah law does not allow a summary judgment movant to merely point out a lack of evidence in the nonmoving party's case, but instead requires a movant to affirmatively provide factual evidence establishing that there is no genuine issue of material fact."); *Diamond T Utah, Inc. v. Travelers Indem. Co.,* 21 Utah 2d 124, 441 P.2d 705, 706 (1968) (stating that "it is not true that once both parties move for summary judgment the court is bound to grant it to one side or another"). *See also Dunlap v. Stichting Mayflower Mountain Fonds,* 2005 UT App 279, ¶ 3, 119 P.3d 302 (mem.) (stating that typically "the denial of [plaintiffs'] motion for summary judgment . . . only mean[s] the [plaintiffs] would have to prove their claim at trial").

■ ¶ 8 Although Defendants clearly disputed some of the Martins' facts, the Martins argued that Defendants had conceded, by

---

nize the specific line, and that both parties acknowledge the line as the demarcation between the properties." *Mason v. Loveless,* 2001 UT App 145, ¶ 19, 24 P.3d 997 (citation and internal quotation marks omitted). *See Ault v. Holden,* 2002 UT 33, ¶ 18, 44 P.3d 781 (stating that "the party [arguing for boundary by acquiescence] must show that *both* parties recognized and acknowledged a visible line, such as a fence or building, as a boundary of the adjacent parcels") (emphasis in original). "Acquiescence is a 'highly fact-dependent question,' and 'acquiescence, or recognition, may be tacit and inferred from evidence, i.e., the landowner's actions with respect to a particular line may evidence the landowner impliedly consents, or acquiesces, in that line as the demarcation between the properties.'" *RHN Corp. v. Veibell,* 2004 UT 60, ¶ 24, 96 P.3d 935 (citations omitted).

3. "The requirement that mutual acquiescence be for a long period of time has been interpreted in Utah to mean at least twenty years." *RHN Corp. v. Veibell,* 2004 UT 60, ¶ 30, 96 P.3d 935.

4. Defendants challenge the district court's decisions to strike portions of the affidavits they submitted in support of their motion. Because this issue does not change the outcome of the appeal, we need not decide whether the district court erred in striking portions of the affidavits. We note that most of the statements that were stricken did not contain factual assertions but, rather, contained legal conclusions. *See* Utah R. Civ. P. 56(e); *Cabaness v. Thomas,* 2010 UT 23, ¶ 33, 232 P.3d 486 ("Affidavits reflecting an affiant's unsubstantiated conclusions and opinions are inadmissible."). We also note that while portions of a neighbor's affidavit appear to have been stricken because the district court determined that a nonadjoining landowner's testimony is irrelevant to determining mutual acquiescence between adjoining landowners, a nonadjoining landowner can give relevant testimony about his or her personal observations of the adjoining landowners' actions. *See* Utah R. Civ. P. 56(e). *Cf. RHN Corp. v. Veibell,* 2004 UT 60, ¶¶ 26, 27, 96 P.3d 935 (allowing testimony, in a boundary by acquiescence case, of someone who worked on the farm). The neighbor's statements regarding what he personally observed or did not observe are relevant and admissible to determine acquiescence.

5. Defendants argued in their summary judgment motion and on appeal that the facts were undisputed. However, several important facts clearly were disputed.

6. The district court's ruling denied Defendants summary judgment and then stated: "Accordingly, because Defendants' argument for boundary by acquiescence is defeated, Plaintiffs' Cross-motion for Summary Judgment is GRANTED."

reason of filing their own summary judgment motion, that no genuine issues of material fact were disputed. This argument is without merit.

> "Cross-motions for summary judgment do not ipso facto dissipate factual issues, even though both parties contend . . . that they are entitled to prevail because there are no material issues of fact." Rather, cross-motions may be viewed as involving a contention by each movant that no genuine issue of fact exists under the theory it advances, but not as a concession that no dispute remains under the theory advanced by its adversary. In effect, each cross-movant implicitly contends that it is entitled to judgment as a matter of law, but that if the court determines otherwise, factual disputes exist which preclude judgment as a matter of law in favor of the other side.

*Wycalis v. Guardian Title*, 780 P.2d 821, 824–25 (Utah Ct.App.1989) (omission in original) (quoting *Amjacs Interwest, Inc. v. Design Assocs.*, 635 P.2d 53, 55 (Utah 1981)), *cert. denied*, 789 P.2d 33 (Utah 1990). Because the Martins cannot simply rely on Defendants' contention in support of their own motion that the facts were undisputed, we review the Martins' cross-motion for summary judgment and Defendants' reply to determine if material facts germane to the Martins' motion were disputed. *See Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 53, 201 P.3d 966 ("[T]he party moving for summary judgment . . . ha[s] the burden of demonstrating that there was no genuine issue of material fact. . . . When, as here, the moving party 'challenges an element of the nonmoving party's case on the basis that no genuine issue of material fact exists, the burden then shifts to the nonmoving party to present evidence that is sufficient to establish a genuine issue of material fact.' ") (citation footnote omitted). From this review, it is clear that the Martins did not carry their burden of establishing that no material facts bearing on their entitlement to summary judgment were in dispute.

¶ 9 The Martins' summary judgment motion claimed they were entitled to summary judgment because Defendants failed to provide any evidence that the Eskelsons acquiesced in the fence as a boundary. Even assuming the district court correctly struck portions of Defendants' affidavits, *see supra* note 4, Defendants produced other admissible evidence to dispute the Martins' assertion that the Eskelsons did not acquiesce in the fence as a boundary line. These facts, when viewed in Defendants' favor, demonstrated that the Eskelsons may have acquiesced in the fence as a boundary.

¶ 10 First, Defendants produced admissible evidence that showed they made improvements up to the fence without any protest or other reaction by the Eskelsons, which, when viewed in Defendants' favor, is evidence of acquiescence by the Eskelsons during the time Defendants owned their properties. *See Smith v. Security Inv. LTD*, 2009 UT App 355, ¶¶ 5, 8, 223 P.3d 451 (mem.) (stating that "[a]cquiescence may . . . be shown by silence, or the failure of a party to object to a line as a boundary, particularly when a fence appears to be a boundary" and that when "the fence appear[ed] to denote a boundary of the disputed parcel, [the landowner]'s silence, inaction, and failure to object to the [adjoining landowner's] use of the [disputed property] is highly significant") (citations and internal quotation marks omitted).

¶ 11 Second, Defendants produced admissible evidence, in the form of unstricken portions of the neighbor's affidavit, which disputed the Martins' claim that the fence followed a crooked line not suggestive of a boundary between residential lots. The neighbor stated that the "fence on [his] northern boundary line followed the exact line of the fence that is in dispute." *See id.* ¶ 7 (stating that if a fence "follow[s] a nearly straight line, was constructed along the record boundary between several different properties, and only deviated from the record boundary with regard to the disputed . . . parcel," it is evidence that the fence acted as a boundary). This evidence, when viewed in Defendants' favor, is suggestive of the Eskelsons' acquiescence in the fence as a boundary even before Defendants owned their properties.

¶ 12 Third, Defendants produced admissible evidence to dispute the Martins' claim that the fence was built only to enclose the

Eskelsons' yard from a drop in elevation with an unstricken statement in Cynthia Lauder's supplemental affidavit that stated, "At the time I purchased my property, the drop in elevation from the fence in dispute was well north of the disputed property and was a gentle slope." This disputed evidence, when viewed in Defendants' favor, suggests the possible complete irrelevancy of the claimed slope. It also suggests that even if the fence was originally built for one purpose, i.e., to provide safety from a precipitous drop in elevation, that purpose may have ended and acquiescence in the fence as a boundary may have later occurred. *Cf. Hales v. Frakes*, 600 P.2d 556, 560 (Utah 1979) (stating that if a property owner built a fence within the boundaries of his or her own property, such that the fence "could not be intended as a boundary" while he or she owned the property, it could come to be viewed as a boundary "once ownership was split").

¶ 13 Finally, Defendants disputed the Martins' claim that the Eskelsons continued to access, maintain, and use the Disputed Property beyond the fence after the fence was built by producing the affidavit of a prior owner of the Lauders' property,[7] which affidavit stated he never witnessed the Eskelsons accessing or using the Disputed Proper-

ty while he owned the property from 1986 to 1991.[8] *See RHN Corp. v. Veibell*, 2004 UT 60, ¶ 25, 96 P.3d 935 ("Occupation up to, but never over, the line is evidence of acquiescence."); *Smith*, 2009 UT App 355, ¶¶ 2, 7, 223 P.3d 451 (determining boundary by acquiescence had been established when, inter alia, a party failed to use the disputed property).

■ ¶ 14 The Martins' summary judgment motion also claimed that Defendants could not establish the requisite twenty-year period of acquiescence even with the prior owner's affidavit and testimony.[9] However, the Martins' contention in this regard rests on inconsistencies between the prior owner's affidavit and his deposition,[10] which admittedly bear on the prior owner's credibility as a witness in recalling events from many years ago. However, weighing credibility and assigning weight to conflicting evidence is not part of the district court's role in determining summary judgment. *See Pigs Gun Club, Inc. v. Sanpete County*, 2002 UT 17, ¶ 24, 42 P.3d 379 ("A trial court is not authorized to weigh facts in deciding a summary judgment motion, but is only to determine whether a dispute of material fact exists[.]"); *Wasatch Oil & Gas, LLC v. Reott*, 2007 UT App 223,

7. Similar statements in a neighbor's affidavit were stricken because the district court determined they were irrelevant. As was previously discussed, *see supra* note 4, a nonadjoining landowner may provide relevant testimony based on his personal knowledge as to what he saw or did not see. *See* Utah R. Civ. P. 56(e); *RHN Corp. v. Veibell*, 2004 UT 60, ¶¶ 26–27, 96 P.3d 935.

8. It is true that the prior owner did not live on the property while he owned it and only walked the grounds on occasion. But as he explained in his deposition, if the Eskelsons were accessing his property and planting or weeding, he "would have been aware of the evidence of someone doing something there" and "there was no evidence of it." The prior owner also testified that "nothing was planted" and that the Disputed Property was "completely unkempt," while conceding that there may have been grapevines clinging to the fence. Furthermore, the prior owner testified that there was trash, including construction materials, being dumped, apparently by the Eskelsons, on his entire vacant lot, not just on the Disputed Property.

9. Because neither the Martins' summary judgment motion nor the district court's ruling distin-

guishes the Lauders' and Ferguson's claims, we express no opinion on the issue raised on appeal of whether the prior owner's affidavit and testimony could establish acquiescence for Ferguson's property when the prior owner never owned Ferguson's property.

10. In this case, the prior owner's affidavit was submitted and then the Martins deposed him. This situation differs markedly from the cases where an affidavit conflicts with a previously taken deposition. *See Magana v. Dave Roth Constr.*, 2009 UT 45, ¶ 39 n. 33, 215 P.3d 143; *Webster v. Sill*, 675 P.2d 1170, 1172–73 (Utah 1983) ("As a matter of general evidence law, a deposition is generally a more reliable means of ascertaining the truth than an affidavit, since a deponent is subject to cross-examination and an affiant is not. That does not mean, however, that in summary judgment proceedings, a deposition should be accorded greater weight than an affidavit. The purpose of summary judgment is not to weigh the evidence. But when a party takes a clear position in a deposition, that is not modified on cross-examination, he may not thereafter raise an issue of fact by his own affidavit which contradicts his deposition, unless he can provide an explanation of the discrepancy.").

¶ 35, 163 P.3d 713 ("On summary judgment, '[t]he trial court must not weigh evidence or assess credibility,' and where 'there are other equally plausible inferences to be drawn from the evidence . . . summary judgment should not have been granted[.]' ") (omission and first alteration in original) (citations omitted), *cert. denied,* 182 P.3d 910 (Utah 2007).

¶ 15 As has been shown, Defendants produced evidence at variance with that on which the Martins relied as concerns several key factual matters. The Martins' claim that no material facts were in dispute is, thus, untenable. And the Martins failed to establish that, despite the disputed facts, they were entitled to judgment as a matter of law. Accordingly, the district court erred in granting their motion for summary judgment. *See Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, ¶ 53, 201 P.3d 966.

¶ 16 Defendants are also correct that the district court erred when it stated in its ruling that "[b]ecause Defendants cannot meet the element of acquiescence, their argument for estoppel is MOOT." Just because Defendants did not establish their entitlement to summary judgment on their boundary by acquiescence claim does not mean that their separate claim for equitable estoppel is moot. *See generally Bahr v. Imus,* 2009 UT App 155, ¶¶ 6, 10, 211 P.3d 987 (establishing that an equitable estoppel claim could be maintained in a boundary dispute if the elements of equitable estoppel were established, i.e., "(i) a . . . failure to act [that is] inconsistent with a claim later asserted; (ii) reasonable action . . . taken . . . on the basis of the . . . failure to act; and (iii) injury . . . would result from allowing [a repudiation of] such . . . failure to act") (alterations and omissions in original) (citation and internal quotation marks omitted), *cert. granted,* 221 P.3d 837 (Utah 2009). Because Defendants' equitable estoppel claim was a separate and distinct claim, it was not moot simply because Defendants failed to establish their entitlement to summary judgment on their boundary by acquiescence claim.

¶ 17 Accordingly, we affirm the district court's denial of Defendants' summary judgment motion, reverse the court's grant of the Martins' summary judgment motion, reverse the dismissal of Defendants' equitable estoppel claim, and remand for trial or such other proceedings as may now be appropriate.

¶ 18 WE CONCUR: WILLIAM A. THORNE JR., Judge and J. FREDERIC VOROS JR., Judge.