FESSENDEN F. MARTIN *vs.* CHARLES P. JORDAN, JR.

*Deceit—what will support an action for.*

A fraudulent affirmation, made by the defendant to the plaintiff, respecting the quantity of hay cut the previous year on a farm, which the former was about to sell to the latter, will support an action for deceit.

Thus, where the parties were on the farm, in the winter while covered with snow, examining it with a view to the sale and a short time before the conveyance was made, and the defendant, in answer to a question by the plaintiff, said the farm cut twenty-five tons of hay the preceding year; and the defendant knew the statement was false when he made it; and the plaintiff, relying upon it, was thereby induced to purchase and was thereby deceived and injured; *Held,* That the defendant was guilty of an actionable fraud.

ON EXCEPTIONS.

CASE, for deceit in the sale of a farm. The verdict was for the plaintiff.

The case is stated in the opinion.

*Clarence C. Frost*, for the plaintiff.

*S. & J. W. May*, for the defendant.

WALTON, J. The only question is, whether a false affirmation respecting the quantity of hay cut on a farm, made by the seller to the buyer, will support an action for deceit.

The distinction between those allegations, which, if false, will support an action on the case for deceit, and those which will not, was carefully examined in *Long* v. *Woodman*, 58 Maine, 49. It is there said, that,

'To entitle a party to maintain an action for deceit by means of false representations, he must, among other things, show that the defendant made false and fraudulent assertions in regard to some fact or facts material to the transaction in which he was defrauded, by means of which he was induced to enter into it. The misrepresentation must relate to alleged facts, or to the condition of things as then existent. It is not every misrepresentation, relating to the subject-matter of the contract, which will render it void, or enable the aggrieved party to maintain an action for deceit. It must be as to matters of fact, substantially affecting his interests, not as to matters of opinion, judgment, probability, or expectation An assertion respecting them is not an assertion as to any existent fact. The opinion may be erroneous; the judgment may be unsound; the expected contingency may never happen; the expectation may fail. An action of tort for deceit in the sale of property, does not lie for false and fraudulent representations concerning profits that may be made from it in the future. An action for deceit, in the sale of real estate, cannot be sustained by proof of fraudulent misrepresentations as to the price paid by the vendor.'

It is undoubtedly true, as the chief justice there states, that an

action for deceit in the sale of real estate, cannot be sustained by proof of fraudulent misrepresentations as to the price paid by the vendor. The proposition is not only sustained by the case cited by the chief justice (*Hemmer* v. *Cooper*, 8 Allen, 334), but by many other cases.

In *Van Epps* v. *Harrison*, 5 Hill, 63, Judge Bronson says, that an affirmation concerning the cost of property is of no importance; that it is only another mode of asserting that the property is worth so much; that all the books agree that no action will lie if such an affirmation prove false; that it is folly for a purchaser to rely upon such statements; that an affirmation, as to the price paid, amounts indeed to less than a direct assertion of value; that it is no more than an affirmation that the parties agreed that such was its value; that it would lead to great mischief to allow men to annul their contracts upon such a ground.

So in *Medbury* v. *Watson*, 6 Met. 259, that court say with regard to affirmations and representations in relation to real estate, that the maxim *caveat emptor* (let the purchaser beware), has ever been held to apply; that ' when, therefore, a vendor of real estate affirms to the vendee, that his estate is worth so much, that he gave so much for it, that he has been offered so much for it, or has refused such a sum for it, such assertions, though known by him to be false, and though uttered with a view to deceive, are not actionable.'

And Mr. Kerr (a late English writer), in his work on Fraud and Mistake, page 88, says that ' the representations of a vendor of real estate to the vendee, as to the price he paid for it, are in respect to the reliance to be placed on them, to be regarded generally in the same light as representations respecting its value, or the offers which have been made for it; that a purchaser is not justified in placing confidence in them.'

Numerous cases, both English and American affirm the same principle. It is said in *Mooney* v. *Miller*, 102 Mass. 220, that the representations of the vendor in regard to the price he paid for the land, are not actionable.

It is also true, as stated by the chief justice in the foregoing opinion, that an action for deceit, in the sale of real estate, will not lie for false representations concerning the profits that may be made from it in the future. But upon this point it is important to distinguish between the future and the past; for while it seems to be perfectly well settled that affirmations, concerning the future profits or productiveness of land, made by the seller to the buyer, although known by the party making them to be false, will not support a claim for damages, either in an action on the case for deceit, or by way of recoupment in an action to recover the purchase-money; it is equally well settled, that such affirmations with respect to its past profits or productiveness, will support such a claim.

Thus, in *Mooney v. Miller*, 102 Mass. 217, it was held that false representations, by the seller to the buyer of a lot of land, as to the quantity of wood and hay that could be cut upon it, was not actionable; while in *Coon* v. *Atwell*, 46 N. H. 510, it was held that a representation, that the farm had cut seventy-five tons of hay that year, when in fact it had not cut more than thirty-five tons, was actionable. In the latter case, the court say that the foundation of the action is the fraud and deceit of the defendant; that if in making sale of the farm, he fraudulently represented that it cut seventy-five tons of hay a year, when he knew it did not, and the plaintiffs were thereby deceived and induced to buy the farm, and so were injured, the action might be maintained; that it was not a case where it was folly or negligence to confide in such representations; nor was it at all like the mere expression of an opinion as to value; that it was the statement of a fact, that would in general be peculiarly within the knowledge of the vendor; and that to hold that it would be folly to confide in it, would greatly tend to impair all future fair dealing.

In this case there was evidence, that when the parties were on the farm examining it, with a view to the sale, a short time before the conveyance was made, the plaintiff asked the defendant how much hay the farm cut the previous year, and he replied that it cut twenty-five tons; that this was in the winter, when the farm

was covered with snow, and the plaintiff had no opportunity to examine the soil, and was, therefore, obliged to rely upon the defendant's statements in relation to its productiveness.

The presiding judge instructed the jury, that if they were satisfied, from the evidence in the case, that such a representation was made by the defendant; that he made it not merely as matter of opinion, but as a fact; and he knew when he made the statement, that it was false; and that the plaintiff relied upon it, believing it to be true, so that he was thereby deceived, and was led to believe that there was that amount of hay cut, when in fact there was not; and was thereby injured; the defendant was guilty of an actionable fraud, an actionable deceit, and the plaintiff would be entitled to recover.

We think these instructions were correct.

*Motion and exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J.; CUTTING, BARROWS, and DANFORTH, JJ., concurred.