388 P.2d 803

Demetra J. CONDAS, Plaintiff and Respondent,

v.

Andrew C. ADAMS and Grace R. Adams, Defendants and Appellants.

No. 9800.

Supreme Court of Utah.

Jan. 29, 1964.

---

4. See, e. g., State v. Rowley, 15 Utah2d 4, 386 P.2d 126.

Robert W. Hughes, Salt Lake City, for appellants.

Brigham E. Roberts, Mary Condas Lehmer, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff brought this action for rent due under the terms of a two-year written lease of some farm land. Defendants admitted the nonpayment of the rent, but alleged that plaintiff was not entitled to same because of certain fraudulent misrepresentations. They counterclaimed for damages suffered by reason of the alleged fraudulent misrepresentations.

The lower court dismissed the counterclaim, granted plaintiff judgment for the rent and defendants now appeal.

The issues raised by the counterclaim, as set forth in the pretrial order, were whether plaintiff and her agents were guilty of fraud in falsely representing to defendants that (1) the land leased had raised in years past 90 tons of hay per year and would produce a like amount for defendants; and that (2) plaintiff had adequate water [1] for the property to sufficiently water the land to produce 90 tons of hay per year.

So far as the record discloses, the plaintiff never challenged the sufficiency of the counterclaim, nor did she make any motions for dismissal or summary judgment. However, prior to the commencement of the scheduled jury trial, a conference was had in the trial judge's chambers at which time the judge asked counsel for defendants what his proof would show regarding alleged misrepresentations. After the attorney for the defendants outlined his proposed evidence, the trial judge, upon his own motion, dismissed the counterclaim and, upon stipulation of both parties, the jury was dismissed. Thereupon the judge heard evi-

1. Defendants in their counterclaim had used the term "sufficient water."

dence on other phases of the case not pertinent to this appeal.

■In the instant case the burden was upon the defendants to prove the fraud charged by clear and convincing evidence.[2] The question as to whether or not the evidence is clear and convincing is usually determined by the trier of the facts.[3] Furthermore, the trial court's dismissal of the counterclaim is akin to the granting of a summary judgment and, therefore, the proposed proof, and every inference arising therefrom, must be viewed in the light most favorable to the defendants.[4] It is with these legal principles in mind that the defendants' offer of proof must be reviewed.

First, with regard to the alleged misrepresentation of the productivity of the land: It was stated that defendants advised plaintiff's agent that they owned a dairy farm in Heber, Utah, and that it was necessary for them to secure an additional 100 tons of hay for its operation. Plaintiff's agent advised them that the land offered for lease had produced and would produce 90 tons of hay per year. The court then inquired if defendants could prove that the land had *never* produced that amount of hay (emphasis added). Counsel replied that he had proof that the land had not produced 90 tons during the years 1959, 1960, and 1961. (The lease was dated February 8, 1960). He further stated that he was confident that one of his witnesses could testify that the land had never produced 90 tons of hay in a year, if the court deemed such proof necessary, and that he could possibly secure a previous owner to so testify. The court then asked the question, "Prior to that time (1959) you can't say and have no proof now to show what the actual yield has been?" To which counsel replied, "None other than I have stated." The court then held that defendants had not stated into the record any proof that the land had not yielded 90 tons of hay and therefore they had no cause of action with respect to this alleged misrepresentation.

Second, with respect to the alleged misrepresentation as to the water supply: At the beginning of the discussion of this matter, the court made the following observation:

"* * * Now, as to the water, it is clear to me that this is a statement—of course, you don't agree with it. The Supreme Court may not, but it is just obvious to me that this lady did not have any water when—on that land when she was talking about it. She had rights to use water if the water was there. Until the water comes out of ··

2. Pace v. Parrish, 122 Utah 141, 247 P.2d 273.
3. Child v. Child, 8 Utah 2d 261, 332 P.2d 981.
4. Morris v. Farnsworth Motel, 123 Utah 289, 259 P.2d 297.

the ocean and lakes in the form of snow or rain one, nobody has any right in it, so she would be making a statement of a future fact and could not be the basis of counterclaim here."

Counsel for defendants then stated that it had been represented to them that plaintiff had 25 shares in an irrigation company which entitled the land to a water supply sufficient to produce the 90 tons of hay, when, in fact, defendants could prove that the water supply was insufficient during their occupancy and had been for some years prior thereto. The court held that this was not a material representation of an existing fact.

While it is true that there is authority to the effect that representations as to the productivity of land are merely opinions with no legal consequences, each case must be determined on its own facts. There are numerous cases holding that such a representation is a basis for a fraud action.[5] Whether a representation is one of opinion or one of fact must be determined not only by the subject matter, but by the form of the statement, the attendant circumstances, and the knowledge of the parties.[6]

■■ In the instant case the representation by plaintiff's agent that the land *had*

produced and would produce 90 tons of hay per year appears to be a statement of fact rather than an opinion.[7] In any event the defendants should have been permitted to present their evidence to the jury.[8] Furthermore, they should not be required to prove that the land had *never* produced 90 tons of hay in any one year.

■ With respect to the representation regarding the water supply, a close question presents itself. Apparently the trial judge dismissed this portion of the counterclaim upon the theory that irrigation water, being subject to the vagaries of the elements, is not susceptible of misrepresentation as a foundation for fraud because it does not concern a present existing material fact. While it is true that there is uncertainty about the quantity of irrigation water that may be available in any given year, shares of water and their allocation to land are based upon the normal precipitation and, upon that basis, undoubtedly may be subject to misrepresentation.

The record before us does not adequately reflect the exact nature of the representation concerning the water supply. Viewing the record in the light most favorable to the defendants, it would seem that the representation regarding the water supply was

---

5. e.g. Thomas v. Goodrum, (1921; Mo.) 231 S.W. 571; Koch v. Rhodes, 57 Mont. 447, 188 P. 933; Garrett v. Perry, 53 Cal.2d 178, 346 P.2d 758; Morrill v. Boardman, 117 Vt. 103, 86 A.2d 146.

6. 174 A.L.R. 1010, 1012.
7. Martin v. Jordan (1872) 60 Me. 531.
8. See: Stuck v. Delta Land & Water Co., 63 Utah 495, 277 P. 791.

one of fact and not merely opinion or "puffing." At least, it would seem to be a matter which defendants should have been granted the opportunity to present to the jury.[9]

Order dismissing defendants' counterclaim and the judgment in favor of plaintiff for rent and attorney fees are set aside and case remanded for trial. Costs to defendants.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

9. Zeleny v. Karnosh, 224 Or. 419, 356 P.2d 426.