IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| David Berg, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110231-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 17, 2012) |
| Amie Berg, | ) | |
| | ) | 2012 UT App 142 |
| Defendant and Appellee. | ) | |

-----

Third District, Salt Lake Department, 090903175
The Honorable John Paul Kennedy

Attorneys:      Kelly Ann Booth, Salt Lake City, for Appellant
                Amie Berg, Sandy, Appellee Pro Se

-----

Before Judges Voros, Orme, and Christiansen.

VOROS, Associate Presiding Judge:

¶1     Plaintiff David Berg appeals the trial court's entry of judgment ordering him to pay Defendant Amie Berg $7,127. We affirm.[1]

¶2     David evicted his son and daughter-in-law, Roger and Amie Berg, from a house he owned, and filed an unlawful detainer action against the two.[2] He sought damages allegedly caused by the couple's use of the house and furnishings. The trial court ruled

---

[1]We have determined that "the decisional process would not be significantly aided by oral argument." Utah R. App. P. 29(a)(3).

[2]The court granted summary judgment against Roger, and he is not a party to this appeal.

that Amie had unlawfully detained the premises and taken some furnishings, for which she was liable to David. However, the court also awarded Amie damages against David in the amount of her marital interest in certain furnishings and an Infiniti SUV, which the court ruled David had unlawfully taken from her and sold. In reaching this ruling, the court treated the issue of Amie's ownership in the personal property as if it had been raised in the pleadings and treated the defenses presented in Amie's answer as a counterclaim. The final order of the court offset Amie's interest in the SUV and certain furnishings against the damages she owed David, resulting in a net award of $7,127 in favor of Amie.

¶3    David advances three contentions on appeal. First, he contends that the trial court erred by amending the pleadings to conform to the evidence presented at trial relating to personal property. Next, David contends that the trial court abused its discretion by amending, sua sponte, Amie's answer after trial to include a counterclaim. Finally, David contends that res judicata barred Amie from litigating the matter of her interest in the property.

¶4    Rule 15(b) of the Utah Rules of Civil Procedure provides, "When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Utah R. Civ. P. 15(b). If an issue is fully tried and the opposing party had "a fair opportunity to defend," a court may decide the issue and "deem the pleadings amended even if the issue was not originally pleaded." *Guss v. Cheryl, Inc.*, 2010 UT App 249, ¶ 10, 240 P.3d 1142 (citation and internal quotation marks omitted). A trial court's application of rule 15(b) is a legal question that we review for correctness. *Keller v. Southwood N. Med. Pavilion, Inc.*, 959 P.2d 102, 105 (Utah 1998). "However, because the trial court's determination of whether the issues were tried with all parties' implied consent is highly fact intensive, we grant the trial court a fairly broad measure of discretion in making that determination under a given set of facts." *Id.* (internal quotation marks omitted).

¶5    David argues that he did not impliedly consent to try the issue of Amie's ownership of the personal property because he objected to the evidence introduced at trial. "Implied consent to try an issue 'may be found where one party raises an issue material to the other party's case or where evidence is introduced without objection, [and] where it appear[s] that the parties understood the evidence [is] to be aimed at the unpleaded issue.'" *Hill v. Estate of Allred*, 2009 UT 28, ¶ 48, 216 P.3d 929 (second and third alterations in original) (quoting *Colman v. Colman*, 743 P.2d 782, 785 (Utah Ct. App. 1987)). Application of rule 15(b) is not appropriate when an issue is "tried

inadvertently." *See Lee v. Sanders*, 2002 UT App 281, ¶ 7, 55 P.3d 1127 (citation and internal quotation marks omitted).

¶6    David has not demonstrated that the issue was tried without his express or implied consent. Although neither party's pleading expressly addressed any personal property, much of the trial focused on the furnishings and SUV. David presented extensive evidence in his case-in-chief relating to his ownership and Amie's use of the furnishings. He challenged Amie's evidence of ownership of the furnishings, but never on the ground that the issue was outside the pleadings. The trial court also heard extensive testimony concerning the SUV. David argues on appeal that he specifically objected to this evidence as irrelevant to his unlawful detainer action. However, David's objections related to a motorcycle and a boat, not the SUV. Indeed, David himself testified and introduced evidence regarding the SUV. "Because the issue was tried, it must be treated as if it were properly raised in the pleadings." *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 24, 70 P.3d 35.[3]

¶7    Next, David contends that even if the pleadings are conformed to the evidence at trial, the court abused its discretion in amending Amie's answer to include a counterclaim. A trial court's "decision to redesignate an affirmative defense as a counterclaim is discretionary," and "we review the court's ruling only for an abuse of that discretion." *Berkshires, LLC v. Sykes*, 2005 UT App 536, ¶ 17, 127 P.3d 1243. "An appellate court will not find abuse of discretion absent an erroneous conclusion of law or where there is no evidentiary basis for the trial court's ruling." *Askew v. Hardman*, 918 P.2d 469, 472 (Utah 1996).

¶8    In her answer, filed pro se,[4] Amie claimed damages from David for conspiring with his son Roger to interfere with her possession and enjoyment of the premises:

---

[3]David also argues that rule 15(b) requires a motion to invoke the provision. David cites no case law supporting this argument, and it is inconsistent with the plain language of the rule and our precedent. *See* Utah R. Civ. P. 15(b); *Fisher v. Davidhizar*, 2011 UT App 270, ¶ 9, 263 P.3d 440 ("'The parties' failure to move to amend the pleadings to conform to the evidence does not affect the fact that those issues were in fact tried by the consent of the parties and were therefore properly before the court.'" (quoting *Clark v. Second Circuit Court*, 741 P.2d 956, 957 (Utah 1987)).

[4]Amie was unrepresented when she filed her answer and at trial.

17. The Defendants have an equitable interest in the subject property.

18. Plaintiff is tort[i]ously conspiring with his son Defendant Roger Berg to interfere with Defendant's right to use, possess and enjoy the premises. No *de facto* effort has been made to evict his son from the property. For this, Defendant is entitled to money damages from Plaintiff.[5]

Rule 8(c) of the Utah Rules of Civil Procedure provides that "[i]f a party mistakenly designates . . . a counterclaim as a defense, the court, on terms, may treat the pleadings as if the . . . counterclaim had been properly designated." Utah R. Civ. P. 8(c). We have previously identified several factors that may be useful in reviewing a trial court's decision to redesignate a defense as a counterclaim. These include whether redesignation "would foist an unanticipated issue on the other party," whether the other party would have "sufficient notice and opportunity to address the issue," and whether "the defense as argued or articulated in the pleadings sufficiently states a claim for relief and a demand for judgment as required by rule 8(a)." *Berkshires*, 2005 UT App 536, ¶ 18.

¶9     Treating Amie's pleading as a counterclaim did not foist an unanticipated issue on David. Her pleading was sufficient to give notice that she was making a claim against him; indeed, it included an express demand for money damages. It also gave notice of the nature and basis of the claim; in it, she claimed an equitable interest in "the subject property." As demonstrated by David's motion for summary judgment and the evidence presented in his case-in-chief, he understood "the subject property" to include the furnishings on the premises. Nor is it unreasonable to conclude that David could have anticipated a damage award respecting the SUV, given Amie's testimony at trial that David had used proceeds from the sale of the SUV to pay for the furnishings at issue. Moreover, the trial proceedings demonstrate that David took the opportunity to

---

[5]Although David quoted this portion of Amie's answer, he did not include Amie's answer as an addendum to his brief. Nor did he include a copy of the order from which he appeals. "The Utah Rules of Appellate Procedure specifically require appellants to include, in an addendum to their briefs, 'those portions of the record on appeal that are of central importance to the determination of the appeal.'" *Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 40, 110 P.3d 678 (quoting Utah R. App. P. 24(a)(11)(C)).

explore Amie's claim in detail, even introducing exhibits relating to his possession of the SUV and his payment for the repair of damages to the SUV allegedly caused by Amie.

¶10    When read in light of the evidence presented at trial, Amie's claim was also adequately, if minimally, pleaded. Rule 8(a) of the Utah Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief to which he deems himself entitled." Utah R. Civ. P. 8(a). "Utah's notice pleading requirements are liberal and all that is required is that the pleadings be sufficient to give fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved." *Gudmundson v. Del Ozone*, 2010 UT 33, ¶ 40, 232 P.3d 1059. Here, the pleading did give a general indication of the type of litigation involved. Although imprecise, the pleading, read in conjunction with the trial testimony, indicated a claim for conversion. *See generally Jones v. Salt Lake City Corp.*, 2003 UT App 355, ¶ 9, 78 P.3d 988 ("'A conversion is an act of wilful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession.'" (quoting *Fibro Trust, Inc. v. Brahman Fin., Inc.*, 1999 UT 13, ¶ 20, 974 P.2d 288)). And, as noted, the pleading demanded money damages.

¶11    In view of the foregoing, we cannot conclude that the trial court abused its discretion in treating Amie's affirmative defense as a counterclaim. *See Berkshires*, 2005 UT App 536, ¶ 19.[6]

¶12    Finally, David contends that res judicata barred Amie from litigating the matter of her interest in the property. This issue was not properly preserved for appeal. "In order to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (brackets, citation, and internal quotation

---

[6]David also argues that the court erred by entering judgment on a theory or claim not raised in Amie's pleadings. Although David identifies this as a separate issue on appeal, he does not cite any case law supporting this argument, he devotes only one paragraph to this issue, and he does not discuss how this issue is distinct from his other arguments on appeal. Therefore, this argument is inadequately briefed and we do not consider it further. *See State v. Davie*, 2011 UT App 380, ¶ 16, 264 P.3d 770 ("Utah courts routinely decline to consider inadequately briefed arguments." (citation and internal quotation marks omitted)).

marks omitted). "For a trial court to be afforded an opportunity to correct the error (1) the issue must be raised in a timely fashion, (2) the issue must be specifically raised, and (3) the challenging party must introduce supporting evidence or relevant legal authority." *Id.* (brackets, citation, and internal quotation marks omitted).

¶13    David has not cited any relevant portion of the record where this issue was preserved. *See* Utah R. App. P. 24(a)(5) (requiring an appellant to demonstrate preservation by citing to the record or to present grounds for reviewing unpreserved issues). Our review of the record indicates that David referred to prior litigation while cross-examining Amie, but that he never placed the specifics of this litigation before the trial court or sought a ruling based on the doctrine of res judicata. Indeed, the record contains no specifics of the prior litigation—such as the parties involved, the issues litigated, and whether a final judgment was entered—necessary to conduct an adequate res judicata analysis at trial or on appeal. We therefore do not address it.

¶14    Affirmed.

_____

J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶15    WE CONCUR:

_____

Gregory K. Orme, Judge

_____

Michele M. Christiansen, Judge