2014 UT App 75

**Jeff McCOLLIN, Plaintiff and Appellant,**

v.

**J.D.F. PROPERTIES, LLC; Denise M. Fabrizio; and Jeff Fabrizio, Defendants and Appellees.**

No. 20120783–CA.

Court of Appeals of Utah.

April 10, 2014.

Terence Haynes, for Appellant.

Don M. Torgerson and Samuel P. Chiara, for Appellees.

Judge JOHN A. PEARCE authored this Memorandum Decision, in which Judges GREGORY K. ORME and MICHELE M. CHRISTIANSEN concurred.

Memorandum Decision

PEARCE, Judge:

¶ 1 Jeff McCollin filed suit against J.D.F. Properties, LLC; Denise M. Fabrizio; and Jeff Fabrizio (collectively, J.D.F.), claiming in part that they damaged his land by altering the flow of the river that separates the parties' properties.[1] On appeal, McCollin contends that the district court erred in

---

**1.** Other plaintiffs were initially named in the suit but are not party to this appeal.

granting summary judgment in favor of J.D.F. We affirm.

¶ 2 McCollin and J.D.F. own parcels of land on opposing banks of the Duchesne River. In 2009, J.D.F. obtained a stream alteration permit from the State of Utah. According to McCollin, after J.D.F. commenced work, the flow of the river changed and washed away several feet of McCollin's land as well as a mature tree. McCollin filed suit against J.D.F. on August 19, 2010. The complaint pleaded four "claims for relief": "Declaratory Action and for Declaratory Relief," "Preliminary and Permanent Injunctive Relief," "Unjust Enrichment," and "Damage to Real Property."

¶ 3 The "damage to real property" claim is the central issue on appeal. That claim rested on McCollin's allegation that "Defendants' actions have damaged Plaintiffs' real property ... [and] Defendants' actions will continue to damage Plaintiffs' real property as the State of Utah refuses to take any action to force Defendants to bring their stream alteration into compliance or offer any assistance to Plaintiffs or even allow Plaintiffs to take any action to repair the damage caused by the Defendants' non-compliance with the Stream Alteration Permit."

¶ 4 McCollin proceeded through various stages of pretrial litigation without explicitly stating a theory of liability on which to hang his "damage to real property" claim.[2] J.D.F. did not raise any objection to this omission until April 30, 2012. On that date, J.D.F. moved for summary judgment on each of McCollin's then-remaining claims. With respect to the "damage to real property" claim, J.D.F. asserted that this was not a legally cognizable cause of action because damages are an element of a tort rather than a tort in and of themselves.

¶ 5 McCollin's opposition to J.D.F.'s motion did not articulate whether he was claiming that the damage to his property had been caused by negligence, trespass, or some other tort. Nor did it clarify whether McCollin was asserting that J.D.F. was strictly liable for the harm. Indeed, McCollin's briefing made no attempt to tie his claim for damages to any cognizable cause of action.

¶ 6 At the hearing on the motion for summary judgment, J.D.F. argued again that McCollin's "damage to real property" claim was not a stand-alone cause of action. The district court asked, "[If] they did something they should not have done, ... [i]sn't that a cause of action?" J.D.F. responded, "I don't think so. I think that it could be an intentional tort of some sort. It could [also] be a negligence of some sort, but if we're going to defend against that it would be nice to know which elements it is that plaintiffs seek to prove." After the court pressed McCollin on this point, he stated, "This is a negligence claim." McCollin then argued that he had "provided [the court with] ample factual background to show that [he had] been damaged" and that, because a genuine issue of material fact existed on the issue of damages, summary judgment was inappropriate.

¶ 7 The district court ruled at the hearing that McCollin "never did get around to actually pleading a cause of action." A subsequent written order stated, "At oral argument, Plaintiffs contend for the first time that they were actually seeking damages under a negligence theory. But the Court has carefully reviewed the Complaint and it mentions nothing of duty, standard of care, or a failure by Defendants to follow the standard of care. Accordingly, the Court determines that Plaintiffs have not pleaded the necessary elements for an actionable claim for negligence." The district court entered judgment in favor of J.D.F. on all four claims in McCollin's complaint.

¶ 8 McCollin appeals from that order.[3] In an appeal from a summary judg-

---

**2.** McCollin is represented by new legal counsel on appeal.

**3.** McCollin's opening brief appears to address only the "damage to real property" claim. In response to J.D.F.'s argument that he did not appeal the grant of summary judgment on the other three claims, McCollin dedicates three paragraphs of his reply brief to an assertion that his opening brief does in fact challenge their dismissal. To the extent McCollin has appealed summary judgment on the other causes of action, those challenges are inadequately briefed. *See* Utah R.App. P. 24(a)(9) (stating that briefs must contain reasoned analysis based on relevant legal authority); *see also State v. Thomas,* 961 P.2d

ment order, we consider "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party" and review the district court's "legal conclusions and ultimate grant or denial of summary judgment for correctness." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted).

¶ 9 J.D.F.'s summary judgment motion focused on the argument that McCollin's "damage to real property" claim was not a standalone cause of action and appeared to be "an element of [McCollin's] causes of action for declaratory judgment and unjust enrichment." J.D.F. reasoned that those causes of action failed "because damages are not available on a declaratory judgment claim" and because McCollin did not claim to have intentionally conferred a benefit on J.D.F. As a result, J.D.F. asserted, McCollin's "claim for 'Damage to Real Property' must also be dismissed."

¶ 10 J.D.F.'s motion obligated McCollin to demonstrate that he possessed a claim that could survive summary judgment. If McCollin believed his claim sounded in negligence, he needed to argue that his "damage to real property" claim was actually a negligence cause of action, articulate the elements of that cause of action, and demonstrate with record evidence that genuine issues of material fact existed on each of those elements. However, McCollin's opposition did not even reference the elements of a negligence cause of action—duty, breach, causation, and damages. *See Williams v. Melby*, 699 P.2d 723, 726 (Utah 1985). Nor did it "provide an explanation of the grounds for any dispute" about those elements. *See* Utah R. Civ. P. 7(c)(3)(B).

¶ 11 Instead, McCollin's opposition characterized J.D.F.'s argument as an attack on the court's jurisdiction and as an assertion that "there is no action for property damage because the Stream Alteration Permit was validly' issued." McCollin then identified several questions of fact that he claimed precluded summary judgment: whether J.D.F. complied with the stream alteration permit,

whether the district court had jurisdiction, and whether the stream alterations caused public and private property damage. Even if these assertions could have been used to demonstrate genuine issues of material fact relating to elements of an identifiable cause of action, these "facts" were not supported by citations to relevant materials adduced in discovery as rule 7(c)(3)(B) of the Utah Rules of Civil Procedure requires.

¶ 12 McCollin was presented with an argument that, despite being only a month from trial, he had not yet articulated a cause of action to support his claim for damages. At that point, McCollin was required either to demonstrate to the court that he had in fact done so or to seek to remedy the deficiencies of his complaint. Because the argument arose on summary judgment, McCollin needed to explain that genuine issues of material fact existed as to each element of that cause of action. Moreover, under rule 7(c), McCollin was required to support those facts with "supporting materials, such as affidavits or discovery materials." Utah R. Civ. P. 7(c)(3)(B). Where McCollin failed to do so, we cannot conclude that the district court erred in granting summary judgment. *See Kranendonk v. Gregory & Swapp, PLLC*, 2014 UT App 36, ¶ 15, 320 P.3d 689 (explaining that a plaintiff facing summary judgment is entitled to all favorable inferences but cannot rely on conjecture); *see also Gudmundson v. Del Ozone*, 2010 UT 33, ¶ 40, 232 P.3d 1059 (despite the liberality of Utah's notice-pleading requirements, pleadings must "give fair notice of the nature *and basis* of the claim asserted" (emphasis added) (citation and internal quotation marks omitted)).

¶ 13 McCollin next contends that "[e]ven if ... the trial court was correct that the Complaint was not sufficiently clear [or] that relief cannot be granted under [an] alternate, but unplead[ed] basis, ... the record supports McCollin's argument that the issues were tried by consent." McCollin argues that J.D.F. had sufficient notice of the unpleaded negligence cause of action and thus was not " 'denied a fair opportunity to meet

---

299, 305 (Utah 1998) (noting that appellate courts are not a depository into which the appel-

lant may dump the burden of research and argument). We therefore do not address them.

the change in theory of recovery.'" (Quoting *PLC Landscape Constr. v. Piccadilly Fish 'N Chips, Inc.*, 28 Utah 2d 350, 502 P.2d 562, 563 (1972)). In essence, McCollin argues that the court should have determined that the parties tried his negligence claim by implied consent pursuant to Utah Rule of Civil Procedure 15(b). We review for correctness a district court's determination that rule 15(b) is inapplicable. *Fisher v. Davidhizar*, 2011 UT App 270, ¶ 7, 263 P.3d 440.

¶ 14 "When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Utah R. Civ. P. 15(b). "Such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." *Id.*

¶ 15 McCollin claims that the district court erred in finding that rule 15(b) requires that claims be "tried"—that is, be addressed at a trial—before pleadings can be amended to conform to the evidence. McCollin is correct that the district court's reading of the rule was unduly narrow. We have previously noted "that rule 15(b) is applicable to a case . . . where claims were litigated by motions for summary judgment rather than at trial." *Fisher*, 2011 UT App 270, ¶ 10, 263 P.3d 440 (citing *Ward v. Intermountain Farmers Ass'n*, 907 P.2d 264, 267 n. 5 (Utah 1995)).

¶ 16 In *Fisher*, we determined that the plaintiff had "clear notice of [the defendant's] specific fraud allegations" because the parties had "argued and discussed the fraud claims before the trial court." *Id.* ¶¶ 11–12. Indeed, the fraud claims had been pleaded "specifically enough for [the plaintiff] to address the claims in its [prior] summary judgment motions." *Id.* ¶ 11. Moreover, the defendant's summary judgment opposition memoranda had raised specific facts that "would have satisfied any rule 9 particularity requirement." *Id.* ¶ 12 n. 9. Accordingly, we held that the trial court erred by finding that the fraud claims had not been tried by consent pursuant to rule 15(b). *Id.* ¶ 12.

¶ 17 The difference between this matter and *Fisher* is readily apparent. In *Fisher*, the plaintiff "did not object that [defendant's] factual allegations of fraud in his summary judgment motion had not been properly pleaded." *Id.* ¶ 9 n. 4. Here, J.D.F.'s motion for summary judgment expressly challenged the "damage to real property" claim, asserting that McCollin had failed to tie it to any recognizable cause of action. In response, McCollin did not argue that his "damage to real property" claim was in fact a negligence cause of action. Indeed, McCollin's opposition to that motion never even used the word "negligence." On this record, we cannot conclude that the parties consented to try the issue of negligence in the summary judgment motions.

¶ 18 McCollin nonetheless argues that the parties tried by consent his "damage to real property" claim as a negligence cause of action. He notes that, at a prior hearing, J.D.F. posited that the stream alteration permit was likely not "an absolute defense" and that, in J.D.F.'s opinion, the district court would eventually "have to see if there was negligence." This stray reference was insufficient to raise the issue for purposes of rule 15(b). *See Ward*, 907 P.2d at 267 n. 5 ("The rule does not permit amendments to include issues which are only inferentially suggested by incidental evidence in the record.").

¶ 19 McCollin also argues that the parties tried the issue of negligence by consent because the district court had previously ruled, as part of a temporary restraining order prepared by McCollin, that the court would "adjudicate at trial whether Defendants' alterations caused the water to go somewhere else and damage Plaintiffs' property and Defendants' liability, if any[,] for the property damage." That ruling does not mention negligence, nor does it support a conclusion that the parties had consented to try the matter as a negligence claim.

¶ 20 We therefore conclude that the parties did not try a negligence claim by consent.

¶ 21 McCollin further contends that the district court abused its discretion by granting a motion to strike a letter from the United States Army Corps of Engineers.

He asserts that the letter is relevant to the issue of whether J.D.F. complied with the terms of the stream alteration permit. J.D.F. responds that the district court "properly struck the filing because the documents are inadmissible hearsay and were not authenticated" under the Utah Rules of Evidence.

¶ 22 However, the district court struck the letter because it had been improperly filed and thus never reached the merits of the hearsay question. McCollin had submitted the letter independently from, and unattached to, any pleading or affidavit. Instead, he simply filed the document with the court under the caption "Army Corp of Engineer GRAMA Documents." When presented with the document at the summary judgment hearing, the district court asked McCollin's counsel, "So you just sent it in like 'for your information I'm sending you this, your Honor'?" After counsel replied that he had, the district court stated, "Okay, I'm striking it then.... [Y]ou don't just fill the Court file with stuff that might be useful by sending in files, 'Your Honor, I'm filing this. I might want to refer to it later.'" The district court then explained, "If you want to use [a document] with regard to a motion for summary judgment, you file [it] with your response to the motion for summary judgment." The decision to strike an improperly filed document was well within the discretion afforded to a district court to manage the cases before it. *See Hartford Leasing Corp. v. State,* 888 P.2d 694, 702 (Utah Ct.App.1994) (holding that a trial court could properly refuse to "accept a supplemental memorandum that was submitted without prior invitation and outside the bounds of duly promulgated procedural rules").

¶ 23 Affirmed.