**2013 UT App 117**

## THE UTAH COURT OF APPEALS

MICHAEL W. LUCAS,
Plaintiff and Appellant,
*v.*
WELLS FARGO BANK, NA; ETITLE INSURANCE AGENCY;
JARL G. KLUNGERVIK; M. BETH KLUNGERVIK; AND FEDERAL HOME
LOAN MORTGAGE CORPORATION,
Defendants and Appellees.

Memorandum Decision
No. 20120106-CA
Filed May 9, 2013

Fifth District, St. George Department
The Honorable Thomas M. Higbee
No. 110501447

Michael W. Lucas, Appellant Pro Se
Lewis P. Reece and J. David Westwood, Attorneys
for Appellees Jarl G. Klungervik and
M. Beth Klungervik
Amy F. Sorenson and M. Lane Molen, Attorneys
for Appellees Wells Fargo Bank, NA and Federal
Home Loan Mortgage Corporation
Richard Gunnerson, Attorney for Appellee eTitle
Insurance Agency

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES WILLIAM A. THORNE JR. and
CAROLYN B. MCHUGH concurred.

VOROS, Judge:

¶1    Appellant Michael W. Lucas purchased a home in September 2007, shortly before the United States real estate market collapsed. He alleged in his complaint that he lost his job, that his

home suffered damage as a result of having been built on expansive soil, and that federal programs designed to assist him instead assisted only his lender, Wells Fargo Bank, NA (the Bank).

¶2     Lucas defaulted on his mortgage. The Bank foreclosed non-judicially and sold Lucas's home at a foreclosure sale to the Federal Home Loan Mortgage Corporation (Freddie Mac). Lucas sued Freddie Mac, the Bank, eTitle Insurance Agency, and Jarl G. Klungervik and M. Beth Klungervik as trustees of the Norseman Family Trust (the Klungervik defendants), who had built the home and sold it to Lucas. The trial court granted judgment on the pleadings in favor of the Bank and Freddie Mac, and dismissed Lucas's claims against the remaining defendants. Lucas appeals; we affirm.

¶3     Lucas appears pro se. "[A] party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar. Nevertheless, because of his lack of technical knowledge of law and procedure, [a pro se litigant] should be accorded every consideration that may reasonably be indulged." *State v. Winfield*, 2006 UT 4, ¶ 19, 128 P.3d 1171 (citation and internal quotation marks omitted). Here, the Bank asserts that "Lucas's appeal is made up of theories that are for the most part untethered to his Complaint, the procedure by which the case was litigated below, and the issues actually and properly decided by the district court." While we largely agree with this assessment, we will nevertheless individually address each claim of error on appeal.[1]

¶4     First, Lucas contends that the trial court erred in dismissing his slander of title claim. "The slander of title claim," he argues, "is due to the forgery of Linda Green." Citing a CBS News television

---

1. Given the often obscure presentation of Lucas's claims on appeal, we commend the appellees' counsel for treating those claims thoroughly and supplying necessary procedural context.

program, Lucas asserts that "Linda Green" is "a woman in rural Georgia whose signature was on thousands of mortgage documents as a vice president of more than 20 banks—at the same time."

¶5     The Bank responds that this claim was not preserved in the trial court. "[T]he preservation rule applies to every claim, including constitutional questions, unless a defendant can demonstrate that exceptional circumstances exist or plain error occurred." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (citations and internal quotation marks omitted). Lucas does not respond to the Bank's challenge, does not claim to have complied with the preservation rule, and does not invoke any exception to it. For this reason alone, we deny this claim on appeal.

¶6     But we also note that Lucas has not shown how the alleged forgery could have slandered his title. The documents signed by "Linda Green" merely substituted one Wells Fargo entity for another as trustee (reflecting a merger at Wells Fargo) and reconveyed a prior deed of trust encumbering the property. As a result, when Lucas purchased the property he received title unencumbered by the trust deed securing his seller's loan.

¶7     Second, Lucas contends that the trial court erred in setting aside a default certificate Lucas obtained against Freddie Mac. He argues that no evidence shows that "counsel claiming to represent [Freddie Mac] was ever authorized by [Freddie Mac]." Moreover, "Freddie Mac," he asserts, "is a fictitious entity" that "exists only through paper work."[2] An appellant cannot carry his burden on appeal if his brief does not "contain the contentions and reasons of the appellant with respect to the issues presented, . . . with citations to the authorities, statutes, and parts of the record relied on." Utah

---

2. Lucas also discusses a Form 1099A he claims to have received from Freddie Mac. Lucas does not explain how this Form 1099A relates to any of his causes of action.

R. App. P. 24(a)(9). Here, Lucas provides no support for the dubious factual and legal premises of his argument—for example, that an attorney must offer evidence that she is authorized to appear on behalf of her client, or that counsel acting for Freddie Mac offered none here.[3] Accordingly, Lucas has not explained the controlling legal rules on this question or established that the trial court proceedings contravened them.

¶8     Third, Lucas contends that the trial court erred in dismissing his claims against the Klungervik defendants on the ground of res judicata. Lucas adequately explains the requirements of res judicata, but he makes no attempt to apply this law to the facts of his case. His brief contains "no specifics of the prior litigation—such as the parties involved, the issues litigated, and whether a final judgment was entered—necessary to conduct an adequate res judicata analysis at trial or on appeal." *Berg v. Berg*, 2012 UT App 142, ¶ 13, 278 P.3d 1071 (mem.). This omission is fatal to his claim. "Pinpointing where and how the trial court allegedly erred is the appellant's burden." *GDE Constr. Inc. v. Leavitt*, 2012 UT App 298, ¶ 24, 294 P.3d 567. "An appellate court that assumes that burden on behalf of an appellant 'distorts th[e] fundamental allocation of benefits and burdens.'" *Niemela v. Imperial Mfg., Inc.*, 2011 UT App 333, ¶ 24, 263 P.3d 1191 (alteration in original) (quoting *State v. Robison*, 2006 UT 65, ¶ 21, 147 P.3d 448). Because Lucas has not carried his burden of demonstrating that the trial court erred, we deny this claim on appeal.

¶9     Finally, Lucas contends that his due process rights were violated because the Bank acquired his property without in fact conducting a trustee's sale. Lucas cites his affidavit, in which he alleged that he went to "the courthouse" at the appointed time and observed no auction.

---

3. In fact, Freddie Mac's counsel points us to such evidence in the record.

¶10    The trial court held a hearing on defendants' motion for judgment on the pleadings. At that hearing, Lucas's trial counsel asserted that "[t]he auction actually never took place, as far as on the steps." The trial court cut off counsel's argument, stating, "That really isn't the issue today. . . . It's not even in the papers," i.e., the pleadings. The court further noted that "[t]he complaint does not allege one word about the sale." Lucas's counsel did not disagree; seek leave to amend the complaint, *see* Utah R. Civ. P. 15(a); or ask the trial court to convert the motion into one for summary judgment, *see id.* R. 12(c). Nor did she relate the trustee's sale allegation to any claim pleaded in the complaint. At the conclusion of the hearing, the court ruled that "there is no allegation in the complaint, at all, that Wells Fargo did anything other than follow the statute as it is outlined in Title 57 and the other related sections of the Utah code." The court later added that although Lucas's counsel "tried to bring in a lot of extraneous stuff," it was ruling based on the pleadings alone. A week later, counsel filed Lucas's affidavit.

¶11    "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." *Id.* R. 12(c). Lucas appeals from a judgment on the pleadings. Even if the allegations in Lucas's affidavit were presented, they were excluded by the court. Thus, although Lucas does not frame his challenge in these terms, according him "every consideration that may reasonably be indulged," *State v. Winfield*, 2006 UT 4, ¶ 19, 128 P.3d 1171 (citations and internal quotation marks omitted), we construe his appellate claim as a challenge to the trial court's exclusion of his proffered evidence that no sale took place.

¶12    Lucas offers no basis to conclude that the trial court erred in so doing. His assertions—that the power of sale is circumscribed by strict requirements, that due process must be observed when government action deprives a person of liberty or property, and that the federal government is one of delegated powers—are

beyond dispute. However, they do not support his claim that the trial court erroneously excluded matters outside the pleadings in ruling on a motion for judgment on the pleadings.

¶13    Nor do we believe the trial court erred. "[I]t is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." 5C Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 1371, at 273 (3d ed. 2004) (discussing the federal rule analogous to rule 12(c) of the Utah Rules of Civil Procedure). Lucas points to no record evidence suggesting that the trial court exceeded its discretion here, nor did we find any. On the contrary, we conclude that the trial court acted reasonably in conducting the hearing in an orderly manner.

¶14    For the foregoing reasons, the judgment of the trial court is affirmed.[4]

---

4. To the extent that we have not addressed other points or subpoints raised in Lucas's briefs, we have determined that they either are foreclosed by the foregoing analysis or lack merit. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[T]his Court need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal. Rather, it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.").