2016 UT App 213

# THE UTAH COURT OF APPEALS

EARL AL KALASHNIKOV,
Appellant,

*v.*

SALT LAKE CITY, ET AL.,[1]
Appellees.

Per Curiam Decision
No. 20160421-CA
Filed October 27, 2016

Third District Court, Salt Lake Department
The Honorable Heather Brereton
No. 140908664

Earl Al Kalashnikov, Appellant Pro Se

Shawn T. Richards and Jackie Pilling, Attorneys
for Appellees

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and JILL
M. POHLMAN.

PER CURIAM:

¶1      Earl Al Kalashnikov seeks review of the district court's various orders resulting in the dismissal of all of the defendants in the action. This matter is before the court on Appellees' motion for summary disposition on the basis that the issues raised by Kalashnikov are "so insubstantial as not to merit further proceedings and consideration" by the court. Utah R. App. P. 10(a)(2)(A). We affirm.

---

1. The parties on appeal are not limited to those listed, but also include other parties whose names appear on the notice of appeal or who have otherwise entered appearances in this court.

¶2     Kalashnikov filed a complaint against various parties claiming that security officials accosted him at the Salt Lake City Main Library. Kalashnikov averred in the complaint that as a result of his interaction with the security officials he suffered irreparable physical and mental injuries that also severely aggravated certain preexisting medical and psychological conditions. During the course of the litigation, the defendants each sought dismissal of the claims based on various grounds. The district court granted each of the defendants' motions.

¶3     Kalashnikov named Adam Kerbs as a defendant in his amended complaint. Kerbs had an ownership interest in Confidential Background Investigations, Inc. (CBI), the company that employed the individuals that Kalshnikov claimed accosted him. However, Kalashnikov failed to allege any specific allegations against Kerbs in the amended complaint. As a result, Kerbs filed a motion for judgment on the pleadings. In response to the motion, Kalashnikov attempted to raise a theory of liability that was not set forth in the amended complaint. The district court refused to consider the theory because the theory of liability and the facts underlying that theory were not in the amended complaint. *See Lucas v. Wells Fargo Bank, N.A.*, 2013 UT App 117, ¶ 13, 302 P.3d 1240 (stating that it is well settled that it is within the district court's discretion whether to accept extra-pleading matters in response to a motion for judgment on the pleadings). Kalashnikov has failed to demonstrate that the district court exceeded its discretion in refusing to consider materials outside of the complaint, especially because the complaint had already been amended. Therefore, because the complaint contained no allegations against Kerbs, the district court correctly granted the motion for judgment on the pleadings.

¶4     Kalashnikov also brought claims against Salt Lake City Corporation, the Salt Lake City Public Library System, and Cindi

Mansell, the Salt Lake City Recorder.[2] These Salt Lake City Defendants filed a motion for a judgment on the pleadings because Kalashnikov failed to comply with the requirements of the Utah Governmental Immunity Act. Kalashnikov never filed notices of claim pursuant to the Governmental Immunity Act. *See* Utah Code Ann. § 63G-7-401(2) (LexisNexis 2014) (stating that a notice of claim must be filed with a governmental entity before maintaining an action against that entity). Claims against a governmental entity are barred "unless notice of claim is filed . . . within one year after the claim arises." *Id.* § 63G-7-402. Because Kalashnikov failed to file a notice of claim with the governmental defendants, the district court correctly dismissed the claims because it lacked jurisdiction over them.

¶5     Finally, CBI filed a motion for summary judgment after Kalashnikov failed to designate an expert to prove that CBI's actions caused the injuries Kalashnikov claimed. Specifically, CBI argued that it was impossible for a lay person to know, absent speculation, whether the conduct of CBI employees caused Kalashnikov's alleged irreparable physical and mental injuries or exacerbated his prior physical and mental conditions, both of which allegedly required ongoing treatment and care. Under Utah law, when a plaintiff's injury "involves obscure medical factors which are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding, there must be expert testimony that the negligent act probably caused the injury." *Hansen v. Harper Excavating, Inc.*, 2014 UT App 180, ¶ 10, 332 P.3d 969 (citation and internal quotation marks

---

2. Kalashnikov acknowledged to the district court that he asserted no claims against Mansell individually and that Mansell was named as a defendant solely based on the service of process requirement set forth in rule 4 of the Utah Rules of Civil Procedure. Accordingly, the district court properly dismissed Mansell from the litigation because no claim was asserted against her. *See* Utah R. Civ. P. 12(b)(6).

omitted). "It is only in 'the most obvious cases' that a plaintiff may be excepted from the requirement of using expert testimony to prove causation." *Fox v. Brigham Young Univ.*, 2007 UT App 406, ¶ 22, 176 P.3d 446 (citation omitted). Here, the injuries alleged required expert testimony to prove causation. Without an expert a jury would be left to speculate as to what damages were the result of CBI's alleged actions and what would be attributable to Kalashnikov's preexisting conditions, which included a history of anxiety and mental illness. The district court correctly determined that an expert was required to link the alleged conduct to the claimed injuries.

¶6     Affirmed.

———————